# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

U.S. COMMODITY FUTURES TRADING COMMISSION,

          Plaintiff,

vs.

BANC DE BINARY, LTD.,

          Defendants.

2:13–cv–0992–MMD–VCF

**<u>ORDER</u>**

Before the court is Defendant Banc De Binary's motion for stay of discovery pending adjudication of a dispositive motion (#41[1]). This motion is unopposed.

In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, courts in the Ninth Circuit consider the goal of Federal Rule of Civil Procedure 1, which states that the rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED. R. CIV. P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal.

---

[1] Parenthetical citations refer to the court's docket.

1

1995). However, the court may stay discovery where—as here—it is convinced that "discovery is not required to address the issues raised by Defendant's motion to dismiss." *White v. American Tabacco Co.*, 125 F.R.D. 508 (D. Nev. 1989) (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981), cert. denied, 455 U.S. 942 (1982); *Jarvis v. Regan*, 833 F.2d, 149, 155 (9th Cir. 1987)). *See also Shift4 Corp. v. Martin*, No. 11–cv–01315–MMD, 2012 WL 3206027, at *3 (D. Nev. Aug. 3, 2012) (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)).

Banc de Binary's motion to stay is granted for two reasons. First, consistent with this districts precedent, a stay is appropriate because resolution of the pending motion to dismiss does not require discovery. (*See* Def.'s Mot. to Stay (#41) at 6). The only issue that is raised is a question of law: namely, whether the Government's complaint states a plausible claim under *Iqbal*. (*Id.*) Second, Banc de Binary's motion to stay is granted because it is unopposed. Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Banc de Binary's motion was filed on October 29, 2013. To date, no opposition has been filed. The Government has, therefore, consented to granting Banc de Binary's motion.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant Banc De Binary's motion for stay of discovery pending adjudication of a dispositive motion (#41) is GRANTED.

IT IS FURTHER ORDERED that all discovery is stayed in this case until the earlier of the ruling on the dispositive motion or May 27, 2014;

IT IS FURTHER ORDERED that on or before fifteen days after the stay is lifted the parties must file an Amended Discovery Plan and Scheduling Order.

After May 16, 2014, the parties may file a stipulation to further stay discovery, if the case is still pending.

IT IS SO ORDERED.

DATED this 25th day of November, 2013.

                                             _____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE