# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### ***

U.S. COMMODITY FUTURES TRADING
COMMISSION,

                    Plaintiffs,

vs.

BANC DE BINARY, LTD., *et al.*,

                    Defendants.

Case No. 2:13–cv–992–MMD–VCF

**ORDER**

      This matter involves the U.S. Commodity Futures Trading Commission's civil-enforcement action against Banc de Binary, Ltd., *et al*. Five motions are before the court: (1) BDB Services Ltd.'s Motion to Stay Discovery (#76); (2) the Commission's Motion for Leave to File Excess Page (#79); (3) the Commission's Motion to Extend Time to Disclose Experts (#81); (4) the Commission's Motion to Seal (#86); and (5) the Commission's Motion to Extend Time to Reply (#94). For the reasons stated below, BDB Services' Motion to Stay is denied and the Commission's motions are granted.

## I.    **Defendants' Motion to Stay Discovery**

      First, Defendants, BDB Services Ltd., BO Systems Ltd., Banc de Binary Ltd., E.T. Binary Options, Ltd., Oren Shabat Laurent, move to stay discovery pending the resolution of their motion for partial summary judgment. When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the policy of the Federal Rules of Civil Procedure: the guiding premise of the Rules is that the Rules "should be construed and administered "to secure the just, speedy, and inexpensive determination of every action." Consistent with this policy, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *See Blankenship v. Hearst*

*Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

In the District of Nevada, courts consider, *inter alia*, the following two-factor test: (1) "the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought," and (2) "the court must determine whether the pending potentially dispositive motion can be decided without additional discovery." *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 602 (D. Nev. 2011). "In applying this two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted. If the party moving to stay satisfies both prongs, a protective order may issue; otherwise, discovery should proceed." *Id*. The party seeking a stay carries a "heavy burden" of demonstrating why discovery should be denied. *Blankenship*, 519 F.2d at 429.

Defendants failed to satisfy their burden because the Honorable Miranda M. Du, U.S. District Judge, has already determined that discovery is required to adjudicate the issues underlying Defendants' pending Motion for Summary Judgment. On July 15, 2013, Defendants moved to dismiss counts one and four the Commission's complaint, arguing that "the instruments that [Defendants] offered and sold were not 'options' as defined in the [Commodity Exchange Act] and were not otherwise subject to regulation by the [Commission] during the period in question." (Def.'s Mot. to Dismiss (#18) at 5:1–3).

Judge Du denied Defendants' motion to dismiss, stating that the argument raised "cannot be resolved at this pleading stage" because it requires the court to look beyond the complaint. That is, Defendants conceded that their financial products are "options," which are financial instruments that are normally subject to the Commission's jurisdiction; but Defendants contended that their "products are different than" normal options. (*See* Order #44 at 6:1–12).

Now, Defendants move for partial summary judgment on the same ground: "this court should grant judgment in defendants' favor on count one of the amended complaint because the instruments that BDB offered and sold were not "options" as defined in the [Commodity Exchange Act] and were not otherwise subject to regulation by the [Commission] during the period in question." (Def.'s Mot. Summ. J. (#74) at 9:3–6). As indicated by Judge Du's order, this issue raises a question of fact, not a question of law. Accordingly, on December 25, 2014, the Commission filed a Rule 56(d) Motion in opposition to Defendants' Motion for Summary Judgment.

The parties do not agree that the discovery conducted to date is sufficient to resolve Defendants' Motion for Partial Summary Judgment. The Commission asserts that it lacks the facts necessary to oppose Defendants' motion; but, as Defendants correctly assert, the Commission "never explains how the discovery it claims to have requested but not received will have any bearing on the issue forming the basis for Defendants' motion for partial summary judgment." (Def.'s Reply #89 at 3:10–15). Nonetheless, the court denies Defendants' motion to stay because it is Defendants' burden to demonstrate that additional discovery is unnecessary. *Tradebay*, 278 F.R.D. at 602. Defendants failed to carry their "heavy burden" here. *See Blankenship*, 519 F.2d at 429.

Additionally, denial of the motion effectuates the Federal Rule's general policies. A motion to stay discovery pending a motion to dismiss is unlike a motion to stay discovery pending a motion for summary judgment. The former merely delays the beginning of discovery; the latter disrupts discovery that is in progress and risks protecting discoverable information from disclosure. When deciding a motion to dismiss, the court is generally prohibited from considering "matters outside the pleadings." Fed. R. Civ. P. 12(d). As a result, a discovery stay pending a motion to dismiss may result in "the just, speedy, and inexpensive determination of [an] action" because discovery is costly and unnecessary to adjudicate a merited motion to dismiss.

Summary judgment is different. When opposing a motion for summary judgment, a party may assert that "it cannot present facts essential to justify its opposition." *See* Fed. R. Civ. P. 56(d). As a result, a discovery stay pending a motion for summary judgment is less likely to result in "the just, speedy, and inexpensive determination of every action" because discovery is normally required to adjudicate summary judgment. Even if a court took a "preliminary peek" at a party's pending motion for summary judgment and became "convinced" that the moving party would prevail, *see Tradebay*, 278 F.R.D. at 602, a discovery stay risks preempting the nonmoving party's right to seek additional discovery under Rule 56(d) and risks preventing the discovery of facts that may have alerted the court's judgment. This would not effectuate "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

## II.  The Commission's Motions

The court now turns to the Commission's motions (Docs. ##79, #81, #86, #94). They are unopposed. Local Rule 7-2(d) governs unopposed motions. It states that "[t]he failure of an opposing party to file point and authorities in response to any motion shall constitute a consent to the granting of the motion." Therefore, the Commission's motions are granted. Additionally, the court finds good cause to (1) permit the Commission to file excess pages in connection with its motion to compel, (2) extend the time to disclose experts from December 5, 2014, to December 12, 2014, (3) seal the Commission's opposition to Defendants' motion for a protective order, and (4) the Commission to file an untimely reply to its motion to compel, as requested in the motions.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that BDB Services Ltd.'s Motion to Stay Discovery (#76) is DENIED.

IT IS FURTHER ORDERED that the Commission's Motion for Leave to File Excess Page (#79) is GRANTED.

IT IS FURTHER ORDERED that the Commission's Motion to Extend Time to Disclose Experts (#81) is GRANTED.

IT IS FURTHER ORDERED that the Commission's Motion to Seal (#86) is GRANTED.

IT IS FURTHER ORDERED that the Commission's Motion to Extend Time to Reply (#94) is GRANTED.

IT IS SO ORDERED.

DATED this 15th day of January, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE