# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
***

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | |
| Plaintiff, | Case No. 2:13–cv–992–MMD–VCF |
| vs. | **ORDER** |
| BANC DE BINARY, LTD., *et al.*, | |
| Defendants. | |

This matter involves the U.S. Commodity Futures Trading Commission's civil-enforcement action against Banc de Binary, *et al*. Before the court is Defendants' Motion for a Protective Order (#77[1]), the Commission's Motion to Compel (#80), and the Commission's request to modify the discovery plan and scheduling order. For the reasons stated below, Defendants' Motion for a Protective Order is denied, the Commission's Motion to Compel is granted, and the Commission's request to modify the scheduling order is denied.

## DISCUSSION

The parties' filings present three questions: (1) whether the court should enter a protective order to prevent one deposition and limit the temporal scope of all remaining depositions, (2) whether the court should compel Defendants' to produce documents and answer interrogatories, and (3) whether the discovery plan and scheduling order should be modified. Each is addressed below.

---

[1] Parenthetical citations refer to the court's docket.

1

I.    **Whether Defendant's Depositions should be Quashed or Limited**

The first question raised by the parties' filings is whether the court should enter a protective order that prevents one deposition and limits the temporal scope of all remaining depositions. The court's analysis begins with the governing law.

A.    *Legal Standard*

Federal Rule of Civil Procedure 26(c) governs protective orders. It states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This includes "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." FED. R. CIV. P. 26(c)(1)(D).

However, the Federal Rules of Civil Procedure provide for "[l]iberal discovery." *Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). Liberal discovery serves "the integrity and fairness of the judicial process by promoting the search for the truth," *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993), and assisting "the preparation and trial, or settlement, of litigated disputes." *Rhinehart*, 467 U.S. at 34. Therefore, when—as here—a party resists discovery, the resisting party "carries a heavy burden" to show why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citation omitted).

B.    ***Defendants' Motion for a Protective Order is Denied***

Defendants' Motion for a Protective Order requests two forms of relief. First, Defendants seek an order limiting the scope of discovery to exclude the time period between May 2011 and June 25, 2012. (Def.'s Mot. Proct. Or. (#77) at 2:20). Defendants request this order because, they assert, the Commission

"lacked authority" to regulate its products during this time, as discussed in Defendants' Motion to Dismiss (#18), which the court denied, and Motion for Summary Judgment (#74), which is pending.

This argument fails as a matter of law. A party cannot resist discovery by asserting that a claim will fail. *Republic of Argentina v.  NML Capital, Ltd.*, 134 S. Ct. 2250, 2257–58 (2014). After the parties have conferenced under Rule 26(f), Rule 26(b)(1) entitles the parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," *see* FED. R. CIV. P. 26(b)(1), until discovery is stayed or closed. Here, the Commission has stated claims pertaining to the time period between May 2011 and June 25, 2012. (*See* Amend. Compl. (#52) at 8–17). To date, no claims have been dismissed, (*see* Order #18) (denying Defendants' Motion to Dismiss), and Defendants' Motion to Stay was denied. (Order #101). Accordingly, the Commission may obtain discovery regarding time period between May 2011 and June 25, 2012. *See* FED. R. CIV. P. 26(b)(1).

Defendants' second request raises a more nuanced issue. Defendants seek a protective order quashing the Commission's notice of deposition for Yoram Menachem, who is Defendant E.T. Binary Options, Ltd.'s ("ETBO") Chief Executive Officer. In support, Defendants' rely on the "apex doctrine," a judicially-created vehicle that limits when high-level corporate officials may be deposed. *See Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012).

Under the apex doctrine—which the Ninth Circuit has not yet recognized—courts examine two factors when considering whether a high-level corporate official should be deposed: (1) "whether the deponent has unique first-hand, non-repetitive knowledge of facts at issue in the case;" and (2) "whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Apple Inc.*, 282 F.R.D. at 263 (citations omitted). The concern with apex depositions is that they present "the potential for the discovery rules to serve as a tool for harassment." *Id.* at 263.

Defendants' request to quash Menachem's deposition is denied. The apex doctrine exists to prevent the "tremendous potential for abuse or harassment" that may occur when high-level corporate officials are deposed. *See id*. It does not exist to afford protections to high-level corporate officials simply because those official occupy high-level positions. This would place a limit on discovery that Rule 26(b) and Rule 26(c) do not contemplate. This fact was recently recognized by the Sixth Circuit, which held that it was reversible error for the Magistrate Judge to rely on the "apex doctrine to grant the protective order" without considering what Rule 26(c) requires: a showing of "annoyance, embarrassment, oppression, or undue burden or expense." *Serrano*, 699 F.3d at 901.[2]

Here, Defendants have not alleged that the Commission may engage in abusive discovery or that Menachem's deposition will cause "annoyance, embarrassment, oppression, or undue burden or expense." Rather, Defendants move to quash Menachem's deposition primarily on account of his status as ETBO's Chief Executive Officer.[3] Rule 26(c) provides no special protections for high-level corporate officials. *See* FED. R. CIV. P. 26(c); *see also Salter v. Upjohn Co*., 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." (citing 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL § 2037 (1970)). Therefore, Defendants' Motion for a Protective Order is denied.

---

[2] The Sixth Circuit also questioned the validity the second prong of the apex doctrine (*i.e.*, "whether the party seeking the deposition has exhausted other less intrusive discovery methods."). *Apple Inc., Ltd*, 282 F.R.D. at 263. The Sixth Circuit stated that, in that circuit, a showing must be made to justify a protective order, not to defeat a motion for a protective order. So too here. Ninth Circuit law requires a showing to justify a protective order, not to defeat one. *Blankenship*, 519 F.2d at 429.

[3] Defendants also move to quash the deposition on the grounds that "Menachem did not become ETBO's CEO until after [the Commission] filed this action." (Def.'s Reply (#95) at 3:13. If Menachem lacks knowledge regarding the noticed topics, he may say so during the deposition. However, the mere fact that Menachem became the CEO after the action was filed does not mean that Menachem lacks discoverable information. Indeed, Defendant Laurent testified that Menachem possesses discoverable knowledge and information regarding the Defendants' day-to-day activities. (*See* Pl.'s Opp'n (#84) at 11).

4

## II.   **Whether Defendants should be Compelled to Produce Discovery**

The parties' filing present a second question: whether the court should compel Defendants to produce discovery regarding eight categories of information. The court begins with the governing law.

### A.   *Legal Standard*

Federal Rule of Civil Procedure 26(b)(1) governs discovery's scope and limits. It provides for two forms of discovery: party-controlled discovery and court-controlled discovery. The first sentence of Rule 26(b)(1) governs party-controlled discovery. It states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The second sentence of Rule 26(b)(1) governs court-controlled discovery. It states that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id*. While parties are expected to conduct party-controlled discovery independently, and only request judicial intervention to end discovery disputes, court-controlled discovery begins with judicial intervention.[4]

As stated above, these rules provide for "[l]iberal discovery." *Rhinehart*, 467 U.S. at 34. Liberal discovery serves "the integrity and fairness of the judicial process by promoting the search for the truth," *Shoen*, 5 F.3d at 1292, and assisting "the preparation and trial, or settlement, of litigated disputes." *Rhinehart*, 467 U.S. at 34. Indeed, it permits parties to "fish" for evidence, provided that they cast a "reasonably calculated" lure. FED. R. CIV. P. 26(b), Advisory Comm. Notes (1946) (citation omitted) ("[T]he Rules . . . permit 'fishing' for evidence as they should."); *Hickman v. Taylor*, 329 U.S. 495, 507

---

[4] In 1999, Rule 26(b)(1) provided for one form of discovery. It stated that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." FED. R. CIV. P. 26(b)(1) (1999). The Rule was amended in 2000 to curb overbroad discovery. *See* FED. R. CIV. P. 26(b)(1), Advisory Comm. Notes (2000). To prevent overbroad discovery, a party can no longer independently request information that is "relevant to the subject matter involved in the action" without showing "good cause" and obtaining leave of court. FED. R. CIV. P. 26(b)(1).

(1947) ("[The] discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case.").

Discovery, however, has limits. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26(b)(2)(C), under which the court, "on its own, must" limit the frequency and extent of discovery if the discovery sought is "unreasonably cumulative or duplicative," can be "obtained from some other source that is more convenient, less burdensome, or less expensive," is untimely, or if "the burden or expense of the proposed discovery outweighs its likely benefit."

If, as here, a party resists discovery, the requesting party may file a motion to compel. *See* Fed. R. Civ. P. 37(a)(1). A facially valid motion to compel has two components. First, the motion must certify that the movant has "in good faith conferred or attempted to confer" with the party resisting discovery. Fed. R. Civ. P. 37(a)(1); LR 26-7(b); *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). Second, the motion must include a threshold showing that the information in controversy is relevant and discoverable under Rule 26. *See Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978)).

If the requesting party makes these showings, the resisting party carries a "heavy burden" of demonstrating why discovery should be denied. *Blankenship*, 519 F.2d at 429. The resisting party must specifically detail the reasons why each request is improper. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472–73 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."). Boilerplate, generalized objections are inadequate and tantamount to making no objection at all. *Id.*

6

### B.    *The Commission's Motion to Compel*

The Commission's eighty-two page motion, "which repeats [itself] in painstaking detail," (*see* Def.'s Opp'n (#93) at 15:12–13), failed to satisfy this standard. Where the Commission seeks information that is "relevant to the subject matter involved in the action," the Commission failed to demonstrate "good cause" for expanding discovery's scope.[5] Similarly, where the Commission seeks information that is "relevant to any party's claims or defense," the Commission failed to make a threshold showing that the requested information is relevant, discoverable, and has not been produced.[6] *See Hofer*, 981 F.2d at 380. Rule 26(b)(1) merely requires the a party to link a discovery request with "any party's claim or defense." A recitation of the action's procedural history, a review of other pending motions, and repeated recitations and discussions of identical discovery requests are unnecessary.

However, Defendants also failed to satisfy their burden. *See Beckman Indus., Inc.*, 966 F.2d at 472–73. They did not object to the Commission's failure to argue relevance or good cause. Similarly, they did not assert any of the limits that may be placed on discovery under Rule 26(b)(2) and Rule 26(c)(1). In fact, Defendants do not argue that the requested information is not discoverable. Rather, Defendants assert that the Commission "fails to explain" why its motion "somehow takes precedence over"

---

[5] For instance, the Commission's second request for production of documents requests, without limitation, "[a]ll communications to, from, between or among BDB Ltd. and Oren Shabat Laurent, including all contracts between the two." (Pl.'s Mot. to Compel (#80) at 24). Similarly, the Commission seeks discovery in connection with Judge Du's Order to Show Cause. These requests exceed the scope of party-controlled discovery, which is limited to "any party's claims or defense."

[6] For instance, with regard to the second interrogatory propounded on BO Systems, the entirety of the Commission's legal argument reads: "BO Systems has not identified any employees or officers in response to this Interrogatory, without explanation." (Pl.'s Mot. to Compel (#80) at 62). Rather than demonstrate relevance, the Commission repeatedly relied on discovery orders issued by this court in a parallel action brought by the Security and Exchange Commission. However, that action involves different claims under a different statute, a critical distinction under Rule 26(b)(1), which limits discovery to the parties' "claims and defenses." Where the Commission did argue relevance, it often did so in a conclusory manner, likely because the Commission tired of repeating itself over the course of eighty-two pages. (*See, e.g.*, *id.*, at 57) ("Whether or not BDB Ltd. was formed to transact with U.S. customers, the names of its brokers and their communications with U.S. customers are both relevant here. The CFTC's complaint is much broader than which entity was the counterparty to a binary option.").

7

Defendants' Motion for Summary Judgment. (Def.'s Opp'n (#93) at 15:13–14). This argument is inapposite. Once the parties have conferenced under Rule 26(f), discovery proceeds until stayed or closed. A party cannot resist discovery by asserting that a claim will fail. *NML Capital, Ltd*., 134 S. Ct. at 2257–58.

"Given our adversary system of litigation, it is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996). "[J]udges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits." *Nw. Nat. Ins. Co. v. Baltes*, 15 F.3d 660, 662-63 (7th Cir. 1994).

Nonetheless, the court has reviewed each of the Commission's requests and finds that they "appear reasonably calculated to lead to the discovery of admissible evidence." *See* FED. R. CIV. P. 26(b)(1). The Commission alleges, *inter alia*, that Defendants operated as a common enterprise when they allegedly unlawfully solicited American investors from abroad. (*See* Amend. Compl. (#52) at 8). The Commission's requests are not unreasonably overbroad or burdensome in light of the elements of this claim.

"[E]ntities constitute a common enterprise when they exhibit either vertical or horizontal commonality qualities that may be demonstrated by a showing of strongly interdependent economic interests or the pooling of assets and revenues." *Fed. Trade Comm'n v. Network Servs. Depot, Inc*., 617 F.3d 1127, 1142–43 (9th Cir. 2010). To determine whether a common enterprise exists, courts consider various factors including common control, the sharing of office space and officers, whether business is transacted through a maze of interrelated companies, the commingling of corporate funds and failure to maintain separation of companies, unified advertising, and evidence that reveals that no real distinction exists between the corporate defendants. *Fed. Trade Comm'n. v. Grant Connect, LLC*, 827 F. Supp. 2d 1199, 1216 (D. Nev. 2011) *aff'd in part, vacated on other grounds by* 763 F.3d 1094 (9th Cir. 2014).

Here, the Commission seeks (1) the names, contact information, and communications of all Defendant entities' brokers, traders, and employees and some of Defendants' owners and officers, (2) the names of Defendants' American customers, and their addresses, (3) information regarding the solicitation of Vernon Goertz, an American customer, and those employees or agents who solicited him, (4) copies of Defendants' communications with American customers, (5) payments between Defendants and American customers, (6) communications between Defendants, (7) copies of the website operated by Defendants, and (8) bank account information. (*See* Pl.'s Mot. to Compel (#80) at 8–44).

These requests are relevant because they seek information regarding (1) Defendants' alleged unlawful solicitation of American customers and (2) information regarding potential vertical or horizontal commonality. That is all that Rule 26(b)(1) requires. S*ee John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D. N.Y. 2014) ("[T]he Rule 26(b)(1) standard presents a 'relatively low threshold'") (citation omitted).

### III.   Whether the Scheduling Order should be Modified

The parties' filings present a third issue: whether the court should modify the scheduling order. The Commission's request is denied with leave to renew.

"A request for a court order must be made by motion." FED. R. CIV. P. 7(b). The Commission has not filed a motion to extend time or a motion to modify the scheduling order. Rather, it included its "request for a court order" to modify the scheduling order in one paragraph of an eighty-two page motion to compel. This was improper. *See* FED. R. CIV. P. 7(b); *see also* Special Order 109 III(F)(4) ("A separate document must be filed for each type of document or purpose.").

Additionally, the Commission's request to modify the scheduling order is denied on the merits. The Commission failed to cite or argue the relevant controlling authorities, such as Federal Rule of Civil Procedure 16 or Local Rule 26-4, which govern the modification of scheduling orders. *See, e.g.*, *Terrell*

*v. Ctr. Washington Asphalt, Inc.*, No. 2:11–cv–142–APG–VCF, 2015 WL 461823, at *4–5 (D. Nev. Feb. 4, 2015) (reviewing the applicable law). Therefore, the Commission's request to modify the scheduling order is denied.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion for a Protective Order (#77) is DENIED.

IT IS FURTHER ORDERED that the Commission's Motion to Compel Production of Documents and Interrogatory Responses (#80) is GRANTED.

IT IS FURTHER ORDERED that Defendants must SERVE its answers to interrogatories and responses to the document requests by March 6, 2015.

IT IS FURTHER ORDERED that the Commission's request for Attorney's Fees is DENIED.

IT IS FURTHER ORDERED that the Commission's request to modify the scheduling order is DENIED.

IT IS FURTHER ORDERED that the Commission must SHOW CAUSE by February 20, 2015, why its Opposition (#84) should not be unsealed. *See* LR 10-5(b); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).[7]

IT IS SO ORDERED.

DATED this 10th day of February, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[7] The Commission is reminded that it must comply with the District of Nevada's Local Rules of Civil Practice.

10