# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

|  |  |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | Case No. 2:13–cv–992–MMD–VCF |
| Plaintiff, | **ORDER** |
| vs. |  |
| BANC DE BINARY, LTD. *et al*., |  |
| Defendants. |  |

Before the court is Banc de Binary's Emergency Motion for Reconsideration (#112[1]), which directs the court's attention to a Banc de Binary's Reply Brief (#107). When preparing its previous order, the court overlooked Banc de Binary's Reply, which asks the court to seal the U.S. Commodity Futures Trading Commission's Opposition to a Motion for a Protective Order (#84). After considering Banc de Binary's Reply, the court decides the sealing issue as follows.

## BACKGROUND

On July 14, 2014, the court approved a Stipulated Confidentiality Agreement and Protective Order in Banc de Binary's parallel action with the U.S. Securities and Exchange Commission. *Sec. & Exch. Comm'n v. Banc de binary, et al*., No. 2:13–cv–993–RCJ–VCF, Order No. #69 (D. Nev. July 14, 2014). The stipulated agreement permits a party to designate documents produced in the course of discovery as confidential and requires the designating party to "take care to limit any such designation" to materials that qualify "under the appropriate standard." (*Id*. at ¶ 5.1). The stipulated order mimics Federal Rule of Civil Procedure 26(c) by requiring the designating party to file a motion showing good cause for limiting

---

[1] Parenthetical citations refer to the court's docket.

the disclosure of allegedly protected material, if the documents are filed with the court. (*Id*. at ¶ ¶ 6.3, 12.3).

While conducting discovery in this action, the Commodity Futures Trading Commission ("CTFC") obtained deposition testimony from the Securities and Exchange Commission. (*See* Doc. #112 at 2:11–15). Banc de Binary, the Securities and Exchange Commission, and the CFTC agree that the testimony is subject to a claim of confidentiality under the stipulated agreement. However, the CFTC "made a filing error" and entered portions of the deposition testimony on the court's docket without properly moving to seal.

On February 11, 2015, the court ordered the CFTC to show cause why the documents should not be unsealed. In response, Banc de Binary filed papers contending that the deposition testimony should not be unsealed because it contains "confidential business and proprietary matters that could threaten Defendants' businesses." (*See* Docs. #90, #107, #112). In pertinent part, it argues that "when a district court grants a protective order to seal documents during discovery, 'it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'" (Doc. #107 at 3:12–23) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

## DISCUSSION

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1).

There are three types of protective orders in federal practice. The first, called protective orders, excuses a party from producing information in response to a discovery request. *See, e.g*., FED. R. CIV. P. 26(b)(2), (c)(1)(A), (C)–(E). The second, called sealing orders, shields a person's privacy interests by

preventing the public from accessing court records. *See, e.g.*, FED. R. CIV. P. 26(c)(1)(F)–(H). The third, called umbrella or blanket orders, are stipulated agreements between the parties that require discovery to be conducted in a certain manner and forbids a party from disclosing discovery to third persons. *See, e.g.*, FED. R. CIV. P. 26(c)(1)(B).

Each type of protective order serves a different purpose by balancing different interests. The first balances the plaintiff's search for the truth against the defendant's burden of production. *See Hickman v. Taylor*, 329 U.S. 495, 512 (1947); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The second, sealing orders, balance the public's right of access to judicial records against a person's need for privacy. *See, e.g.*, *Kamakana*, 447 F.3d at 1180. The third, stipulated agreements, balance the need for discovery against unwanted consequences: possible disclosure to third parties. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003); *Methodist Hospitals, Inc. v. Sullivan*, 91 F.3d 1026, 1031 (7th Cir. 1996). Stipulated agreements expedite discovery by enabling litigants to rely on a promise of confidentially. *Foltz*, 331 F.3d at 1138; *Sullivan*, 91 F.3d at 1031.

The court has "broad discretion" to enter any of these orders. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). And the party requesting one carries a "heavy burden." *Blankenship*, 519 F.2d at 429. Rule 26(c) requires the moving party to make a "particularized showing." *Foltz*, 331 F.3d at 1138. This showing is akin to what *Iqbal* and *Twombly* demand: formulaic recitations, legal conclusions, and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)). "To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citation omitted).

3

Because protective orders, sealing orders, and stipulated agreements serve different purposes, the nature of the "particularized showing" that is required to obtain each order necessarily differs. For instance, a stipulated agreement cannot be used as a stand-alone basis for sealing judicial records. The parties have no more of a right to unilaterally block the public's right of access to judicial records by private agreement than the public has a right to access the parties' private records. *See Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 780 (1st Cir. 1988) ("[T]he public has no right to demand access to discovery materials which are solely in the hands of private party litigants.").

Banc de Binary contends otherwise. It relies on *Kamakana's* quotation of *Phillips*: "[w]hen a court grants a protective order for information produced during discovery, it already has determined that "good cause" exists to protect this information from being disclosed to the public." (Doc. #107 at 3:12–23) (citing *Kamakana*, 447 F.3d at 1180; *Phillips*, 307 F.3d at 1213). Banc de Binary appears to argue that this means that a stipulated agreement may be be used as a stand-alone basis for sealing judicial records. The court disagrees.

Neither *Phillips* nor *Kamakana* permit a party to unilaterally seal judicial records after the district court approves a stipulated agreement. *Phillips* addressed the question of "whether the strong presumption of [public] access [to judicial records] applies to materials filed with the court under seal pursuant to a valid protective order." *Phillips*, 307 F.3d at 1213. *Kamakana* prescribed the legal standard that a party must satisfy when moving to seal judicial documents. *Kamakana*, 447 F.3d at 1179–80. Neither overruled the bedrock principle underlying Rule 26(c) that "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130.

A federal court cannot abdicate the sealing inquiry to the parties or decide at the outset of litigation whether a document, which it has not reviewed, should be sealed. The parties must present the document

4

and a live controversy for review. *See Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967) (stating that the ripeness doctrine "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements").

This is what the terms of the relevant stipulated agreement requires: compliance with "the appropriate standard" and demonstrate "good cause" in compliance with Local Rule 105(b) with regard to each claim of confidentiality. (Doc. #69 at ¶¶ 5.1, 6.3, 12.3). Banc de Binary did not satisfy this standard because it relies on the legal conclusion that the documents contain "confidential business and proprietary matters that could threaten Defendants' businesses." (*See* Doc. #107 at 2:17–18, 3:12–23). Legal conclusions do not satisfy Rule 26(c). *Foltz*, 331 F.3d at 1130; *Serrano*, 699 F.3d at 901.

Banc de Binary also argues that sealing is appropriate because the same documents were sealed in the parallel action. (Doc. #107 at 3). However, the court's order simply stated that "the relevant documents shall remain under seal until such time as the Court may enter an order to unseal them or they are otherwise unsealed under the Local Rules." (Doc. #91 in No. 2:13-cv-993-RCJ-VCF).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Banc de Binary's Emergency Motion for Reconsideration (#112) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that, for the reasons stated above, U.S. Commodity Futures Trading Commission's Opposition to the Motion for a Protective Order (#84) will remain unsealed.

DATED this 23rd day of March, 2015.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

5