UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | Case No. 2:13-cv-00992-MMD-VCF |
| Plaintiff, | ORDER |
| v. | (Defs.' Objections to Magistrate Judge's Jan. 15, 2015 Discovery Order – dkt. no. 102) |
| BANC DE BINARY LTD., et al. | |
| Defendants. | (Defs.' Objections to Magistrate Judge's Feb. 11, 2015 Discovery Order – dkt. no. 108) |
| | (Defs.' Emergency Motion for a Hearing and Expedited Ruling – dkt. no. 115) |

## I.    SUMMARY

Defendants Banc de Binary Ltd., et al., object to, and seek reconsideration of, two discovery orders (dkt. nos. 101, 103) issued by Magistrate Judge Cam Ferenbach. (Dkt. nos. 102, 108.) The Court has reviewed Plaintiff's opposition briefs (dkt. nos. 104, 109). Because the Court finds that the Magistrate Judge's decisions are not clearly erroneous or contrary to law, Defendants' objections are overruled, and their requests for reconsideration are denied. Furthermore, Defendants' Emergency Motion for a Hearing and Expedited Ruling (dkt. no. 115) is denied as moot.

## II.    BACKGROUND

The discovery disputes at issue arise from Plaintiff's civil enforcement action, which alleges that Defendants violated various provisions of the Commodity Exchange Act and its applicable regulations by trading certain financial instruments. (*See* dkt. no.

52 ¶¶ 1-10.) On January 15, 2015, the Magistrate Judge issued a discovery order ("January Order") denying Defendants' Motion for Partial Stay of Discovery pending the resolution of a dispositive motion. (Dkt. no. 101.) Defendants objected on February 2, 2015. (Dkt. no. 102.) Shortly thereafter, on February 11, 2015, the Magistrate Judge entered a second discovery order ("February Order") that denied Defendants' Motion for Protective Order and granted Plaintiff's Motion to Compel. (Dkt. no. 103.) Defendants filed their objections on March 2, 2015. (Dkt. no. 108.)

## III.    LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). A magistrate judge's "finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods., Inc. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (alteration, citation, and internal quotation marks omitted). Because a magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## IV.    JANUARY ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY

The January Order denied Defendants' Motion for Partial Stay of Discovery relating to Defendants' alleged contacts with United States-based customers before October 2012. (Dkt. no. 101 at 1-4; *see* dkt. no. 76.) Defendants sought the partial stay in light of their pending Motion for Partial Summary Judgment ("MPSJ"), which argues that Plaintiff lacked jurisdiction to regulate the financial instruments at issue in Plaintiff's

///

1  civil enforcement action before a change in the relevant law became effective in October

2  2012. (Dkt. no. 74 at 4.)

3  　　　　"Under the liberal discovery principles of the Federal Rules," a party seeking to

4  limit discovery "carr[ies] a heavy burden of showing why discovery [should be] denied."

5  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also Tradebay, LLC*

6  *v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). To determine whether Defendants

7  met this burden, the Magistrate Judge applied the following two-part test, which several

8  courts in this District have adopted: (1) "the pending motion must be potentially

9  dispositive of the entire case or at least dispositive of the issue on which discovery is

10  sought," and (2) "the court must determine whether the pending potentially dispositive

11  motion can be decided without additional discovery." (Dkt. no. 101 at 2 (quoting

12  *Tradebay*, 278 F.R.D. at 602) (internal quotation marks omitted).) The Magistrate Judge

13  concluded that Defendants could not satisfy the second prong of this two-part test

14  because the issue underlying the MPSJ — the scope of Plaintiff's jurisdiction — turns on

15  open questions of fact, not law, and because Defendants failed to show that those

16  questions of fact could be decided without further discovery. (Dkt. no. 101 at 2-4.)

17  　　　　Defendants assert that the Magistrate Judge's analysis was clearly erroneous and

18  contrary to law because it relies on the Magistrate Judge's misreading of an earlier order

19  that denied Defendants' Motion to Dismiss ("MTD Order"). (Dkt. no. 102 at 3-5.) Like the

20  MPSJ, the Motion to Dismiss had raised arguments regarding the scope of Plaintiff's

21  jurisdiction. (*See* dkt. no. 44.) As the Magistrate Judge noted, the MTD Order denied

22  dismissal because of a factual dispute over whether Defendants' financial instruments

23  could be classified as "options" as defined in the Commodity Exchange Act. (Dkt. no.

24  101 at 2-3.) The Court could not resolve such a factual dispute at the pleading stage

25  without reaching beyond the Complaint. (*See* dkt. no. 44 at 6.) The Magistrate Judge

26  reasoned that the same questions of fact that foreclosed dismissal would affect

27  Defendants' MPSJ. (Dkt. no. 101 at 2-4.) In light of this open question of fact, and given

28  the parties' dispute over the extent of discovery required to address the MPSJ, the

1  Magistrate Judge concluded that Defendants had failed to meet their burden of showing

2  that discovery should be stayed. (*Id.* at 3-4.)

3       Defendants argue that the Magistrate Judge misread the MTD Order in stating

4  that the Court "has already determined that discovery is required to adjudicate the issues

5  underlying" the MPSJ. (Dkt. no. 102 at 3-4 (quoting dkt. no. 101 at 2) (internal quotation

6  marks omitted).) The Court disagrees. Although Defendants are correct that the MTD

7  Order did not address outstanding discovery needs in the MPSJ context, the Magistrate

8  Judge referenced the MTD Order merely to illustrate that the dispute prompting

9  Defendants' request to stay discovery involves an open question of fact, not of law. (*See*

10  dkt. no. 101 at 2-3.) This reasoning is not clearly erroneous or contrary to law.

11       Defendants further contend that the Magistrate Judge acted contrary to law by

12  failing to take a "preliminary peek" at the merits of the MPSJ before concluding that

13  additional discovery is required to resolve it. (Dkt. no. 102 at 5-7.) This argument is also

14  unavailing. The Magistrate Judge explained that the potentially dispositive issue in the

15  MPSJ was the same issue addressed in the MTD Order — whether, before October

16  2012, the Commodity Exchange Act covered Defendants' trading of financial

17  instruments. (Dkt. no. 101 at 3-4.) Because that issue involved an open question of fact,

18  the Magistrate Judge concluded that staying discovery would be inappropriate. (*Id.*)

19  Furthermore, the Magistrate Judge reasoned that even if this "preliminary peek" had

20  convinced him that Defendants would prevail on their MPSJ, a stay of discovery would

21  still prejudice Plaintiff by foreclosing Plaintiff's ability to oppose the motion. (*Id.* at 4.) The

22  Court thus finds that the Magistrate Judge's decision was neither clearly erroneous nor

23  contrary to law.

24       Accordingly, the Court will overrule Defendants' objections to the January Order

25  and deny their request for reconsideration.

26  **V.  FEBRUARY ORDER**

27       Defendants raise similar objections to the Magistrate Judge's February Order,

28  which denied Defendants' Motion for Protective Order and granted Plaintiff's Motion to

1   Compel. (Dkt. no. 103.) The Court will address objections regarding each Motion in turn.

2       **A.    Motion for Protective Order**

3           Defendants contend that the Magistrate Judge clearly erred in denying

4   Defendants' Motion for Protective Order, which sought to quash the deposition of Yoram

5   Menachem and to limit the scope of discovery in light of the pending MPSJ. (Dkt. no. 103

6   at 2-4; *see* dkt. no. 77.) With regard to the scope of discovery, Defendants argue that the

7   Magistrate Judge misconstrued the basis for their request by reasoning that "[a] party

8   cannot resist discovery by asserting that a claim will fail." (Dkt. no. 103 at 3; *see* dkt. no.

9   108 at 8-9.) Defendants argue that they requested to limit the scope of discovery in light

10  of the MPSJ, a detail the Magistrate Judge allegedly ignored. (Dkt. no. 108 at 9.) The

11  Court finds that the Magistrate Judge did not commit clear error or act contrary to law in

12  refusing to limit the scope of discovery. First, the February Order did, in fact, reference

13  the MPSJ. (*See* dkt. no. 103 at 2-3.) Moreover, as noted above, the Court disagrees with

14  Defendants that the Magistrate Judge erred in refusing to stay discovery pending the

15  resolution of their MPSJ. (*See supra* Part IV.)

16          Defendants further argue that the Magistrate Judge made two clear errors in

17  refusing to quash the Menachem deposition. First, Defendants contend that the

18  Magistrate Judge failed to consider supporting affidavits before concluding that

19  Defendants had failed to show that the deposition would cause Menachem — the CEO

20  of Defendant E.T. Binary Options Ltd. ("ETBO") — to experience "annoyance,

21  embarrassment, oppression, or undue burden or expense." (Dkt. no. 103 at 4); *see* Fed.

22  R. Civ. P. 26(c)(1). By ignoring those affidavits, Defendants argue, the Magistrate Judge

23  failed to balance the deponent's needs with Plaintiff's interest in accessing information.

24  (Dkt. no. 108 at 7 (citing *Serrano v. Cintas Corp.*, 699 F.3d 884, 902 (6th Cir. 2012)).)

25  Second, Defendants contend that in reasoning that Menachem could produce

26  discoverable information, the Magistrate Judge improperly relied on an out-of-context

27  statement made during the deposition of Defendant Oren Laurent. (*Id.* at 7-8.) The Court

28  ///

1   finds that neither of these alleged deficiencies demonstrates that the Magistrate Judge's

2   decision was contrary to law or clearly erroneous.

3       A party seeking a protective order has the burden to "show good cause [for the

4   order] by demonstrating harm or prejudice that will result from the discovery." *Rivera v.*

5   *NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (internal quotation marks omitted).

6   Here, Defendants are correct that in concluding that Defendants failed to meet this

7   burden, the Magistrate Judge did not cite to two affidavits that Defendants offered in

8   support of their Motion for Protective Order. (*See* dkt. no. 103 at 3-4.) This omission,

9   however, does not render the Magistrate Judge's conclusion clearly erroneous or

10  contrary to law. Menachem's own affidavit states that he "believe[s] that [Plaintiff] has

11  noticed [his] deposition for the sole purpose of harassing and annoying [him]." (Dkt. no.

12  77-2 ¶ 2.) Menachem further writes that, "[t]o the best of [his] knowledge, [he has] no

13  personal knowledge of the events giving rise to CFTC's action." (*Id.* ¶ 6.) Defendants'

14  second affidavit — authored by Defendants' counsel — similarly asserts that Menachem

15  cannot provide "unique, non-repetitive information." (Dkt. no. 77-3 ¶¶ 5, 7.) But the gist of

16  the Magistrate Judge's reasoning is that Defendants failed to meet their burden because

17  they relied too heavily on Menachem's status as ETBO's CEO in seeking to quash his

18  deposition. (*See* dkt. no. 103 at 4.) These affidavits do not undermine that rationale.

19  Except for these conclusory statements, the affidavits do not demonstrate that

20  Menachem's deposition will cause him harm or prejudice. Thus, even though the

21  February Order does not cite to these affidavits, the Court is not persuaded that the

22  Magistrate Judge's decision was clearly erroneous or contrary to law.

23      Nor does the Court find that the Magistrate Judge erred in referring to Laurent's

24  deposition. In a footnote, the Magistrate Judge explained that he found unavailing

25  Defendants' argument that Menachem lacked discoverable information because he

26  became CEO after Plaintiff had initiated this action. (Dkt. no. 103 at 4 n.3.) The

27  Magistrate Judge referred to Laurent's deposition — which suggested that Menachem

28  had knowledge of Defendants' day-to-day activities — as an example to bolster this

1    point. (*See id.*) Rather than deny Plaintiff the opportunity to depose Menachem, the

2    Magistrate Judge reasoned that Menachem could explain, during his deposition, any

3    lack of knowledge caused by his late start date. (*Id.*) This reasoning supports the

4    Magistrate Judge's overall conclusion that Defendants failed to demonstrate any harm or

5    prejudice that would result from Menachem's deposition. *See Rivera*, 364 F.3d at 1063.

6    As noted above, the Court is not convinced that the Magistrate Judge clearly erred or

7    acted contrary to law in concluding that Menachem's status as ETBO's CEO does not,

8    without more, warrant the protective order. Accordingly, the Court overrules Defendants'

9    objections and declines to reconsider the Magistrate Judge's denial of Defendants'

10   Motion for Protective Order.

11       **B.    Motion to Compel**

12       Defendants also object to the Magistrate Judge's decision to grant Plaintiff's

13   Motion to Compel.[1] They argue that the decision was clearly erroneous and contrary to

14   law because the Magistrate Judge improperly shifted the burden of persuasion to

15   Defendants after determining that Plaintiff had failed to satisfy its threshold burden. (Dkt.

16   no. 108 at 9-11.) Defendants also contend that the Magistrate Judge erred by allegedly

17   creating Plaintiff's legal arguments for them. (*Id.* at 10-11.) The Court disagrees.

18       First, rather than concluding that the Motion to Compel entirely fails to identify

19   relevant and discoverable information (as Defendants contend), the Magistrate Judge

20   merely admonished Plaintiff for filing an unnecessarily lengthy and repetitive motion.

21   (*See* dkt. no. 103 at 7.) The Magistrate Judge noted instances in the Motion to Compel

22   that, alone, failed to indicate whether the information sought was relevant or

23   discoverable. For instance, the Magistrate Judge was not persuaded by requests for

24   information that would expand the scope of party-controlled discovery, including

25

26       [1]Plaintiff submitted an errata to its Motion to Compel, seeking to modify the relief
     requested in its Motion. (Dkt. no. 110.) The Court does not address whether Plaintiff's
27   request is appropriately raised in an errata. Because Plaintiff's errata relates to the
     Magistrate Judge's February Order, Plaintiff's request should be raised with the
28   Magistrate Judge.

discovery associated with a pending Order to Show Cause. (*Id.* at 7 & n.5.) Additionally, the Magistrate Judge rejected Plaintiff's attempt to rely on discovery orders issued in a parallel action that the Securities and Exchange Commission brought against Defendants. (*Id.* at 7 & n.6.) Notwithstanding these deficiencies, the Magistrate Judge concluded that the Motion to Compel seeks discoverable information that is relevant to Plaintiff's allegations that Defendants acted as a common enterprise in unlawfully soliciting customers in the United States. (*Id.* at 8-9.) In light of this threshold showing, the Magistrate Judge further reasoned that Defendants had failed to meet their burden in resisting discovery. (*Id.* at 7-8); *see Blankenship*, 519 F.2d at 429. These conclusions are not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.")

Defendants' second objection — that the Magistrate Judge crafted Plaintiff's legal arguments for them — also falls short. (*See* dkt. no. 108 at 10-11.) Defendants place too much weight on language that the Magistrate Judge cited in reprimanding Plaintiff for filing an overly lengthy motion. (*See* dkt. no. 103 at 8.) The Magistrate Judge noted that he "reviewed each of [Plaintiff's] requests" before concluding that they warrant granting the Motion to Compel. (*Id.*) Indeed, despite the length of the Motion to Compel, the Magistrate Judge identified eight discrete types of information that Plaintiff seeks. (*Id.* at 9.) Nothing in the February Order suggests that the Magistrate Judge committed clear error or acted contrary to law in identifying what information Plaintiff seeks, and why. The Court therefore overrules Defendants' objections and declines to reconsider the Magistrate Judge's ruling on Plaintiff's Motion to Compel.

**VI.   EMERGENCY MOTION**

Because the Court has resolved Defendants' objections to the January and February Orders, the Court denies Defendants' Emergency Motion for a Hearing and Expedited Ruling (dkt. no. 115) as moot.

///

1    Moreover, the Court notes that Defendants waited until the final deadline to file

2    their objections to the January and February Orders. (*See* dkt. no. 101 (issued January

3    15, 2015); dkt. no. 102 (filed February 2, 2015); dkt. no. 103 (issued February 11, 2015);

4    dkt. no. 108 (filed March 2, 2015).) Defendants sought review of their objections on an

5    emergency basis more than two weeks after their objections were fully briefed. (*See* dkt.

6    no. 115 (filed April 3, 2015); dkt. no. 109 (Plaintiff's response to Defendants' latest

7    objections, filed March 19, 2015).) They waited nearly one month after they were

8    required to file responses to document requests and interrogatories — one of the

9    reasons for which Defendants requested expedited review — to seek emergency relief.

10   (*See* dkt. no. 115 at 5; dkt. no. 116 at 2 (correcting the Emergency Motion to clarify that

11   Defendants' responses were due by March 6, 2015, rather than by May 6, 2015).)

12   Defendants thus appear to have created their own emergency through delay.[2]

13   **VII.   CONCLUSION**

14   The Court notes that the parties made several arguments and cited to several

15   cases not discussed above. The Court has reviewed these arguments and cases and

16   determines that they do not warrant discussion as they do not affect the outcome of the

17   Objections.

18   It is ordered that Defendants' Objections to the Magistrate Judge's Discovery

19   Orders (dkt. nos. 102, 108) are overruled and denied.

20   It is further ordered that Defendants' Emergency Motion (dkt. no. 115) is denied

21   as moot.

22   Dated this 22nd day of April 2015.

23

24   _____
     MIRANDA M. DU
25   UNITED STATES DISTRICT JUDGE

26   _____

27   [2]Although Defendants engaged in apparent delay, Defendants then expected an immediate response from the Court. This is evidenced by Defendants' letter to the Court inquiring about the status of their Emergency Motion shortly after it was filed. (Dkt. no.
28   120.)