# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

U.S. COMMODITY FUTURES TRADING
COMMISSION,

                    Plaintiff,

vs.

BANC DE BINARY, LTD., *et al.*,

                    Defendants.

Case No. 2:13–cv–992–MMD–VCF

**ORDER**

MOTION FOR AN ORDER TO SHOW CAUSE (#20)

This matter involves the U.S. Commodity Futures Trading Commission's civil-enforcement action against Banc de Binary, *et al*. Before the court is the Commission's Motion for an Order Show Cause why the Corporate Defendants should not be held in civil contempt (#122[1]). The Corporate Defendants opposed (#123) and the Commission replied (#125). For the reasons stated below, the Commissions motion is granted in part and denied in part.

## BACKGROUND

On February 11, 2015, the court granted the Commission's Motion to Compel, denied the Defendants' Counter Motion for a Protective Order, and ordered the Defendants to serve answers to interrogatories and responsive documents by March 6, 2015. *See* (Order #103 at 10:5–10).

On March 2, 2015, Defendants filed an objection with the presiding district judge, arguing that the March 6, 2015 order is "clearly erroneous and contrary to law." *See* 28 U.S.C. § 636(b)(1)(B).

On March 6, 2016, Defendants failed to comply with the court's order by serving answers to interrogatories and responsive documents. Instead, they awaited a ruling on their objections from the

---

[1] Parenthetical citations refer to the court's docket. The Corporate Defendants are Banc de Binary, Ltd., E.T. Binary Options, Ltd., BO Systems Ltd., and BDB Services Ltd.

1

district judge.

On April 22, 2015, the Honorable Miranda M. Du, U.S. District Judge, overruled Defendants' objections and affirmed the court's March 6 order. (Doc. #121).

On or about May 6, 2015, and May 12, 2015, Defendants complied with the court's March 6, 2015 order and began producing interrogatory answers and responsive documents. *See* (Hirsch Decl. (#123-1) at ¶¶ 18–24).

Now, the Commission moves for an order (1) requiring the Corporate Defendants to show cause why they should not be held in contempt for failing to comply with the court's March 6, 2015 order, (2) striking the Corporate Defendants affirmative defenses, (3) precluding the Corporate Defendants from introducing evidence at trial in support of their affirmative defenses, or (4) attorney's fees and costs associated with the Commission's motion. *See* (Pl.'s Mot. (#122) at 15–16). This order follows.

## DISCUSSION

The filing of an objection to a magistrate judge's discovery order does not automatically stay discovery. *See Litton Indus., Inc. v. Lehman Brothers Kuhn Loeb, Inc.*, 124 F.R.D. 75, 79 (S.D. N.Y. 1989) ("[A]llowing the automatic stay of [a] magistrate [judge]'s orders would not only encourage the filing of frivolous appeals, but would grind the magistrate [judge] system to [a] halt."); *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) (stating that an automatic discovery stay "would be an intolerable clog upon the discovery process."). If, as here, a party disputes the validity of a discovery order, two options are generally available.

First, the party may appeal the order (or move for reconsideration) and seek a stay of the order pending appeal. To do so, that party must file a motion to stay and demonstrate that (1) it will likely succeed on the merits of the appeal, (2) it will suffer irreparable injury in the absence of a stay, (3) other parties will not be substantially injured by a stay, and (4) the stay will not harm public interest. *Trs. of N.*

*Nevada Operating Eng'r Health & Welfare, Trust Fund v. Mach 4 Const., LLC*, No. 8–cv–578–LRH–RAM, 2009 WL 1940087, at *2 (D. Nev. July 7, 2009) (adopting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Second, the party may appeal the order and disregard its discovery obligations until the appeal is adjudicated. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992). This option is inherently risky. If the party does not wish to moot its objections to the order, it may believe that it must disregard its discovery obligations. *See, e.g.*, *id.* ("Not wishing to moot its objections to the discovery order, [appellant] chose not to comply [. . .] By so doing, [it] preserved its right to appeal to this court."). If the discovery order is reversed, then the appellant will not be sanctioned. *Id*. But if the discovery order is affirmed, then the appealing party is likely in contempt of court. *Id*. ("[Appellant] was put to a [] choice here. [It] is entitled to resist the discovery order, but it will face contempt sanctions if it loses its appeal on the merits.").

Here, the Corporate Defendants assert that they are not in contempt of court because they simply engaged in "good-faith efforts to use the procedural process to achieve a fair and just result in the pending discovery disputes." (Doc. #123 at 2:15–16). This argument fails as a matter of law. *See Litton Indus.*, 124 F.R.D. at 79 (no automatic stay); *Timber Falling*, 959 F.2d at 1480 (disregarding a discovery order risks contempt of court); *see also Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004) (stating that a party's failure to timely serve a discovery response is prejudicial). On February 11, the court ordered Defendants to respond to the Commission's discovery requests. On March 6, Defendants failed to comply with the court's order. This is sanctionable and contemptuous conduct.

If the Corporate Defendants wanted to preserve their right to appeal without risking contempt sanctions, they should have moved to stay the February 11 order. *See, e.g.*, *Mach 4 Const.*, 2009 WL 1940087, at *2. Alternatively, the Corporate Defendants could have negotiated a stipulation to produce

the compelled discovery under the condition that the information will be excluded from trial if the discovery order is reversed. This would have balanced the Corporate Defendants' right to appeal with their obligation to produce the compelled information. Unfortunately, neither option was pursued here.

Federal Rule of Civil Procedure 37(b) governs a party's failure to comply with a court order. In pertinent part, it states that if a party fails to obey an order to provide or permit discovery, the court "may issue further just orders," including:

> (i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv)  staying further proceedings until the order is obeyed;
> (v)   dismissing the action or proceeding in whole or in part;
> (vi)   rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. (2)(A). Sanctions imposed under Rule 37(2)(A) are left to the sound discretion of the trial judge. *David v. Hooker, Ltd.*, 560 F.2d 412, 418 (9th Cir. 1977) (citing *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976)). "A district court's use of sanctions in order to achieve these objectives is tempered by the requirements of due process." *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980). Sanctions imposed under Rule 37(b)(2) must be "just" and "specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982). Rule 37 sanctions are reviewed for an abuse of discretion. *Hooker*, 560 F.2d at 418 (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642 (1976)).

The Commission seeks a variety of sanctions, including an order (1) requiring the Corporate Defendants to show cause why they should not be held in contempt, (2) striking the Corporate Defendants

affirmative defenses, (3) precluding the Corporate Defendants from introducing evidence at trial in support of their affirmative defenses, and (4) attorney's fees and costs associated with the Commission's motion. *See* (Pl.'s Mot. (#122) at 15–16).

Although there is no question that the Corporate Defendants disregarded the court's February 11 order, the Commission's requests for relief are generally unreasonable. The Corporate Defendants failed to produce discovery between March 6, the deadline set by the discovery order, and approximately April 22, when the district judge affirmed the discovery order. Soon after the discovery order was affirmed, the Corporate Defendants began producing the ordered information.

Nonetheless, the Commission seeks contempt sanctions and dispositive sanctions. Imposing either of these sanctions under the circumstances would risk violating due process principles as the proposed sanctions greatly outweigh the contemptuous conduct. Additionally, striking the Corporate Defendants' answers, or entering a preclusion order, would offend the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The Commission argues that it was prejudiced by the Corporate Defendants' failure to timely produce documents. Although this delay is prejudicial, *see Brotby*, 364 F.3d at 1116, the court is not persuaded that the prejudice warrants such a harsh sanction because it has not deprived the Commission of a meaningful opportunity to follow up on the information or incorporate it into their litigation strategy. The Corporate Defendants have cooperated with the Commission in extending discovery deadlines in the past; and the Commission has not sought an additional discovery extension here.

The court therefore (1) finds that the prejudice the Commission suffered was insubstantial and (2) sanctions the Corporate Defendants in the amount of $1,000.00, payable to the Clerk's Office.

ACCORDINGLY, and for good cause shown,

5

IT IS ORDERED that the U.S. Commodity Futures Trading Commission's Motion for an Order Show Cause (#122) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Corporate Defendants are SANCTIONED in the amount of $1,000.00. The check must be payable to Clerk, U.S. District Court, and will be credited towards the crime victims assistance fund. The Corporate Defendants must satisfy this sanction by 4:00 p.m. on June 15, 2015.

IT IS SO ORDERED.

DATED this 1st day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE